IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Bernard Lee,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-12-01870-PHX-NVW (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Petitioner Gary Bernard Lee, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    On December 18, 2008, Petitioner was indicted by a grand jury in the Maricopa County Superior Court ("Superior Court"), Case No. CR 2008-009355, on nine counts: one count of fraudulent schemes and artifices (Count 1); one count of aggravated taking of the identity of another (Count 2); one count of taking the identity of another (Count 4); and six counts of forgery (Count 3 and Counts 5 through 9). (Doc. 9-1, Exh. A.) The charges arose out of Petitioner's use of a false Social Security number in a series of transactions that occurred between April and July of 2008. (Doc. 9-2 at 16, Exh. H.) *See also State v. Lee*, CA–CR 10–0305, 2012 WL 722985, *1 (Ariz. Ct. App. March 6,

2010).

Following an 8-day trial, on December 15, 2009, a jury found Petitioner guilty on all counts, with exception of Count 2, on which the jury was hung. (Doc. 9-1, Exh. B.) The jury also found that the State had proven two aggravating factors: (1) that Petitioner had a lengthy criminal history; and (2) that Petitioner had previously spent time in prison. (*Id.*) Upon the State's motion, Count 2 was dismissed with prejudice on January 22, 2010.[1] At sentencing, the Superior Court found Petitioner had been on probation at the time he committed the offenses, and he had also been convicted of two prior felony offences in the Superior Court of New Jersey.[2] Considering these factors, as well as the two proven aggravating factors, on March 26, 2010, the Superior Court sentenced Petitioner to concurrent aggravated terms of imprisonment totaling 20 years. (Doc. 9-1, Exh. C; Doc. 9-2 at 17, Exh. H.)

On April 14, 2010, Petitioner appealed his judgment to the Arizona Court of Appeals ("Appellate Court"), and filed an opening brief on May 23, 2011. (Doc. 9-1, Exh. D and E.) On appeal, Petitioner argued, through counsel, that the Superior Court

---

[1]  *See*  http://www.courtminutes.maricopa.gov/docs/Criminal/012010/m4062726.pdf (*last visited* September 20, 2013). *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (a court may take judicial notice of "matters of public record outside the pleadings."); *Wyatt v. Terhune,* 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003) (public records may be judicially noticed to show that a judicial proceeding occurred or that a document was filed in another court case); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).

[2]  At issue during sentencing were four of Petitioner's out-of-state convictions: (1) a 1990 New Jersey conviction for theft by deception; (2) a 2000 New Jersey conviction for theft of services; (3) a 2001 New Jersey conviction for falsifying/tampering with records; and (4) a 2003 New Jersey conviction for theft of services. *See Lee*, 2012 WL 722985, *1. "[T]he trial court ruled that [Petitioner's] 2003 New Jersey conviction for theft of services and his 2001 New Jersey conviction for falsifying/tampering with records, being his third and fourth prior convictions, constituted two prior historical felonies for sentence enhancement purposes, and it sentenced [Petitioner] accordingly. A.R.S. § 13–105(22)." *Id.* at *2.

erred when it imposed enhanced sentences based on his out-of-state prior convictions. (Doc. 9-1, Exh. E.) In a memorandum decision filed on March 6, 2012, the Appellate Court affirmed Petitioner's convictions and sentences. (Doc. 9-2, Exh. H.) Petitioner sought review of the decision by the Arizona Supreme Court (Doc. 9-2, Exh I), and on August 1, 2012, the Petition for Review was denied (Doc. 9-2, Exh. J).

On November 1, 2012, Petitioner filed a *pro se* Notice of Post-Conviction Relief. (Doc. 9-2, Exh. N.) In a minute entry dated November 13, 2012, the Superior Court dismissed the notice, finding that under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, Petitioner had failed to state a claim for which relief could be granted in an untimely Rule 32 proceeding. (Doc. 9-2, Exh. O.) Petitioner moved to amend the notice on December 12, 2012 (Doc. 9-2, Exh. P), which the Superior Court construed as a second Notice of Post-Conviction Relief, and dismissed on December 20, 2012 (Doc. 9-2, Exh. Q). Petitioner moved for re-hearing on the dismissal (Doc. 14 at 4), and the request was denied on March 7, 2013.[3] Petitioner filed a Petition for Special Action in the Arizona Supreme Court on March 27, 2013 (Doc. 16 at 4), which was denied on or about July 18, 2013.[4]

Shortly before initiating state post-conviction relief proceedings, Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. 1) on September 5, 2012. Respondents filed a Limited Answer (Doc. 9), in which they argue that the one ground for relief raised in the petition is not cognizable for purposes of federal habeas review. Alternatively, Respondents contend that the claim was not exhausted in state court and is procedurally barred. Petitioner filed a Reply (Doc. 19), arguing that his claim should succeed on its merits.

---

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032013/m5666736.pdf (*last visited* September 30, 2013).

[4] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/index.asp (*last visited* September 30, 2013).

3

## DISCUSSION

In Ground One, Petitioner challenges the Superior Court's application of Arizona sentencing laws. He argues that the Superior Court incorrectly determined that his New Jersey convictions were equivalent to Arizona felony convictions, and erred when it imposed enhanced sentences based on those prior convictions. This claim is not cognizable on federal habeas corpus review, and therefore the Court will recommend that it be denied.

The writ of habeas corpus affords relief to a person in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). As emphasized by the Supreme Court, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, ___ U.S. ___, 131 S.Ct. 13, 16 (2010) (original emphasis) (quoting 28 U.S.C. § 2254(a)). Federal courts accept a state court's interpretation of state law "and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). It is not the policy of the federal courts to re-examine state court determinations of state law questions. *Estelle*, 502 U.S. at 67-68. Moreover, a habeas petitioner cannot "transform a state law issue into a federal one by merely asserting a violation of due process." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford*, 110 F.3d at 1389). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006).

Here, Petitioner's claim turns solely on the interpretation and application of state law. This is illustrated by the Appellate Court's decision, which relied exclusively on

state law in determining whether Petitioner's sentences were properly enhanced based on two prior historical felonies under A.R.S. § 13-105(22), the identical issue presented here;

> A.R.S. § 13–604(W)(2) permits a trial court to sentence a defendant who has historical prior felony convictions to an enhanced sentence. A defendant who has been convicted "in any court outside the jurisdiction of this state" may also be subjected to an enhanced sentence in Arizona if the offense for which he was convicted outside of Arizona is "an offense which if committed within this state would be punishable as a felony." A.R.S. § 13–604(N).
>
> …
>
> Before using a foreign conviction to enhance an Arizona statute, a trial court must first determine that the foreign conviction includes "every element that would be required to prove an enumerated Arizona offense." *State v. Crawford*, 214 Ariz. 129, 131, ¶ 7, 149 P.3d 753, 755 (2007) (quoting *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988)). *See also Smith*, 219 Ariz. at 134, ¶ 10, 194 P.3d at 401. … The trial court must rely solely on a comparison of the foreign crime to Arizona law, and extraneous information regarding the factual nature of the foreign conviction may be used only to narrow the foreign conviction to the subsection of the statute that served as the basis for the foreign conviction. *Crawford*, 214 Ariz. at 132, ¶¶ 10–11, 149 P.3d at 755.

*Lee*, 2012 WL 722985, *3. A state-law sentencing claim, such as this, is not subject to federal habeas corpus review. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding that petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (holding that "claim regarding merger of convictions for sentencing is exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding."); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (refusing to consider alleged errors in violation of state sentencing law).

Although Petitioner contends that his sentence violated his right to due process under the Sixth (Doc. 1 at 6) and Fourteenth (Doc. 19 at 2) Amendments to the United States Constitution, his citations do not transform his state-law claim into a federal one.

*See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) ("sentence enhancement on the basis of prior convictions … does not violate the Constitution"). Because Petitioner's claim constitutes a challenge to the application of state law, it is not cognizable on federal habeas corpus review. Accordingly, Ground One should be denied and the Petition should be dismissed. In view of this determination, the Court need not consider Respondents' alternative arguments.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court finds that Petitioner's claim is not cognizable on federal habeas corpus review. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 30th day of September, 2013.

Honorable Steven P. Logan
United States Magistrate Judge